*550
 
 Matthias, J.,
 

 concurring. I am in full accord with the unanimous conclusions of the judges of the Court of Appeals that the provisions of the ordinance in question constitute an unreasonable and unlawful restriction upon the private business of the plaintiffs and unduly, unnecessarily and unreasonably limit and restrict the right of contract, not only of vendors but of potential purchasers of the property affected. The scope of the ordinance is set forth in Section I and II, which read as follows:
 

 “Section I: The word ‘fixtures,’ as used in this ordinance, shall mean and include, closet bowls, lavatories, bathtubs, kitchen sinks, laundry trays, automatic heaters, hot water tanks, softeners, urinals, slop sinks, shower pans, drinking fountains, water compressors, beer dispensers, water coolers, condenser fixtures, and all other plumbing fixtures which require a plumbing permit for installation under the ordinance of the city of Dayton. * *' *
 

 “Section II: (a) It shall be unlawful for any person to sell or exchange within the jurisdiction of the plumbing division of the department of service and buildings of the city of Dayton, any fixture as defined in Section I, whether new or second-hand, unless the same has securely attached thereto, a label or sticker containing thereon the name ‘City of Dayton,’ a serial number, the statement ‘For Resale,’ or ‘For Installation,’ and the signature of the plumbing inspector of the city of Dayton, or facsimile thereof.
 

 “(b) It shall be unlawful for any person to purchase or receive through exchange, or otherwise, within the jurisdiction of the department of service and buildings of the city of Dayton, any fixture, whether new or second-hand, unless such fixture bears a label as required by Section II (a).”
 

 In considering the issue presented, it must be regarded as settled that questions of policy are to be determined by the legislative branch of the government
 
 *551
 
 and that it is the function of the court to determine whether the regulations adopted and here challenged are unreasonable or arbitrary or have no real or substantial relation to the public health, safety, morals or general welfare.
 

 However, in my opinion the provisions of the ordinance in question do impose unreasonable burdens upon all who are in the business of selling these fixtures to the public and corresponding unreasonable duties and obligations upon the purchasers thereof. No one would be permitted to sell or exchange within the jurisdiction of the plumbing division of Dayton any fixture, whether new or second-hand, until he had the required sticker, serial number and the signature of the plumbing inspector of the city of Dayton. Likewise, as set forth therein, no one could purchase such fixtures unless and until he had such labels. These would be required for such innocuous materials as shower pans, water coolers and automatic water heaters for they are enumerated in this ordinance.
 

 As thus indicated the obvious effect and probable purpose of such an ordinance, is to prevent the citizens of the city of Dayton from purchasing elsewhere the fixtures enumerated. It is no less a restraint upon their rights because outside vendors could come to the city of Dayton prior to the delivery of such fixtures and procure the required stickers or that citizens desiring to purchase elsewhere could secure stickers and forward them to out-of-town vendors. This is an undue, unnecessary, unreasonable and obnoxious restraint upon the right of vendors to sell and of purchasers to buy products in interstate commerce, and is clearly unconstitutional.